**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO.  5:13-CV-013-RLV-DCKA**

| | | |
|---|---|---|
| ANGELA SHOEMAKE, Individually and as Parent and Natural Guardian of Minor Child, J.S. | : : : : | |
| Plaintiff, | : : | Case No. 5:13-cv-00013-RLV-DCK |
| v. | : : | |
| ELI LILLY AND COMPANY | : : | |
| Defendant. | | |

## JOINT PROTECTIVE ORDER

The parties ("Parties"), through their counsel of record, hereby stipulate to the following Protective Order (the "Order") pursuant to Rule 26 of the Federal Rules of Civil Procedure, in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded only to material so entitled.

1.     **Discovery Materials**

This Order applies to all products of discovery and all information derived therefrom, including, but not limited to, all documents, objects or things, deposition testimony and interrogatory/request for admission responses, and any copies, excerpts or summaries thereof, obtained by any party pursuant to the requirements of any court order, requests for production of documents, requests for admissions, interrogatories, or subpoena ("Discovery Materials").  This Order is limited to the litigation or appeal of this action ("this Litigation").

2. **Use of Discovery Materials**

With the exception of documents or information that have become publicly available without a breach of the terms of this Order, or any other legal obligation to safeguard and maintain confidentiality, all documents, information or other Discovery Materials produced or discovered in this Litigation, and that have been designated "Confidential Discovery Materials," shall be used by the receiving party solely for the prosecution or defense of this Litigation, to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

3. **"Confidential Discovery Materials" Defined**

For the purposes of this Order, "Confidential Discovery Materials" shall mean any non-public information that the producing party reasonably and in good faith believes is properly protected under Federal Rule of Civil Procedure 26(c)(1)(G) or other state or federal law. Specifically excluded from Confidential Discovery Materials are (a) any documents that have been, or in the future will be, designated as not confidential by order of any court, but not before the time-period to object to such designation has passed, and in the event that the court denies said objection, not before the time-period to appeal the objection has passed, or an appellate court has ruled on the designation of the document (b) any documents obtained in the past or in the future, by any person or entity through procedures established under the Freedom of Information Act. In the event of a dispute as to whether a document is available through the Freedom of Information Act, the issue will be resolved by plaintiff's counsel making an appropriate request for the release of such documents from the relevant government agency.

Where large volumes of Discovery Materials are provided to the requesting party's counsel for preliminary inspection and designation for production, prior to a formal production, and have not been reviewed for confidentiality purposes, the producing party reserves the right to so designate and redact appropriate Discovery Materials after they are designated by the requesting party for formal production. During the preliminary inspection process, and before formal production, all Discovery Materials reviewed by the requesting party's counsel shall be treated as Confidential Discovery Materials.

**4.** **Designation of Documents as "Confidential"**

a. For the purposes of this Order, the term "document" means all tangible items, whether written, recorded or graphic, whether produced or created by a party or another person, whether produced pursuant to subpoena, to discovery request, by agreement, or otherwise.

b. Any document which the producing party intends to designate as Confidential shall be stamped (or otherwise have the legend recorded upon it in a way that brings the legend to the attention of a reasonable examiner) with a notation substantially similar to the following:

**Confidential and Subject to Protective Order**
**Eli Lilly and Company – Prozac Products Liability Litigation (BD)**

Such stamping or marking will take place prior to production by the producing person, or subsequent to selection by the receiving party for copying. The stamp shall be affixed in such a manner as not to obliterate or obscure any written material.

Confidential information disclosed by a third-party shall be covered by this Order if a party notifies all other parties within thirty (30) days of receipt of such information that the information or portions thereof constitute Confidential Discovery Material. Until the expiration

of the thirty (30) days following receipt of such information, the information disclosed by any such third party shall be treated as Confidential Discovery Material under this Order.

5. **Non-Disclosure of Confidential Discovery Materials**

Except with the prior written consent of the party or other person originally producing Confidential Discovery Materials, or as hereinafter provided under this Order, no Confidential Discovery Materials, or any portion thereof, may be disclosed to any person except as set forth in Section 6 below.

To avoid security risks currently inherent in certain technologies and to facilitate compliance with the terms of this Order, and unless the party whose confidential information is at issue agrees otherwise in writing, all persons given access to Confidential Discovery Materials under Section 6 below, shall be and are prohibited from storing or transmitting any confidential information via any online or web-based storage location or service, when such storage location or service is managed or maintained by any third-party service provider, including any provider of so called "cloud computing" services, other than a reputable litigation support service provider with a secure document hosting facility that uses encrypted web-enabled software that allows for secure and protected sharing and collaboration concerning said documents amongst only authorized counsel and that does not employ so-called "cloud computing" services.

Notwithstanding the foregoing provision, a person with access to Confidential Discovery Materials under Section 6 below, shall not be prohibited from transmitting to any other person identified under Section 6 below, a reasonably limited number of files containing Confidential Discovery Materials through electronic mail, as attachments to an electronic mail in the form of separate PDF files (and not as zip files or links to files), as long as the person transmitting the files takes reasonable steps to protect the confidentiality of the files.

6. **Permissible Disclosures of Confidential Discovery Material**

Notwithstanding Section 5, Confidential Discovery Materials may only be disclosed to and used by:

a. the parties and their counsel of record in this Litigation who have agreed to be bound by the terms of this Protective Order. For counsel of record, this includes his/her partners, associates, secretaries, legal assistants, and employees to the extent considered reasonably necessary to render professional services in this Litigation;

b. in-house counsel of the parties, to the extent reasonably necessary to render professional services in this Litigation;

c. court officials involved in this Litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

d. any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

e. in addition to the persons described in subsections (a) and (b) of this Section, a party's in-house paralegals and outside counsel of record, who have made an entry of appearance in this Litigation, and who have agreed to be bound by this Protective Order by signing a copy of the Endorsement of Protective Order attached hereto as "Exhibit A," including any attorneys employed by or retained by outside counsel who are assisting in connection with this Litigation, and the paralegal, clerical, secretarial, and other staff employed or retained by such outside counsel or retained by the attorneys employed by or retained by outside counsel;

f. persons noticed for depositions or designated as trial witnesses, or those who counsel of record in good faith expect to testify at deposition or trial, to the extent

reasonably necessary in preparing to testify. If a party wishes to show Confidential Discovery Materials to such a deponent or witness before or during a deposition, hearing, or trial, the deponent or witness must be informed of this Protective Order and either sign a copy of the Endorsement attached hereto as Exhibit "A" or consent under oath to abide by its provisions. The parties agree that this provision does not preclude the producing party from objecting to or moving to preclude disclosure to any deponent or witness, or to seek amendment of this provision in the future, if it believes it has a good faith basis for such objection or motion;

g.       outside consultants or outside experts retained for the purpose of assisting counsel in this Litigation;

h.       employees of counsel involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designating programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

i.       employees of third-party contractors performing one or more of the functions set forth in (h) above;

j.       any employee of a party or former employee of a party, but only to the extent considered necessary for the preparation and trial of this action;

k.       any person who is an author, copyee or addressee of Confidential Discovery Materials, however, the person seeking access to Confidential Discovery Materials under this subsection is expressly limited to those Confidential Discovery Materials that the person has authored or on which he/she is a copyee or addressee and only to the extent considered reasonably necessary for the preparation and trial of this action; and

l.       any other person, if consented to in writing by the producing party.

Any individual to whom disclosure is to be made under subparagraphs (d) through (l) above, shall sign, prior to such disclosure, a copy of the Endorsement of Protective Order attached hereto as "Exhibit A." Counsel providing access to Confidential Discovery Materials shall retain copies of the executed Endorsement(s) of Protective Order. Any party seeking a copy of an Endorsement may make a demand setting forth the reasons therefor to which the opposing party will respond in writing. If the dispute cannot be resolved, the demanding party may move the Court for an order compelling production upon a showing of good cause. For testifying experts, a copy of the Endorsement of Protective Order executed by the testifying expert shall be furnished to counsel for the party who produced the Confidential Discovery Materials to which the expert has access, at the time the expert's designation is served, or at the time the Confidential Discovery Materials are provided to the testifying expert, whichever is later.

Before disclosing Confidential Discovery Materials to any person listed in subparagraphs (d) through (l) who is a Customer or Competitor (or an employee of either) of the party that so designated the Confidential Discovery Materials, but who is not an employee of a party, the party wishing to make such disclosure shall give at least fourteen (14) business days advance notice in writing to the counsel who designated such Discovery Materials as confidential, stating that such disclosure will be made, identifying by subject matter category the Confidential Discovery Materials to be disclosed, and stating the purposes of such disclosure. If, within the fourteen (14) business day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the Court has denied such motion. As used in this paragraph, (a) the term "Customer" means any direct purchaser of products from the party that designated the Confidential Discovery Materials, or any regular indirect purchaser of products

from the party that designated the Confidential Discovery Materials (such as a pharmacy generally purchasing through wholesale houses), and does not include physicians or individual patients; and (b) the term "Competitor" means any manufacturer or seller of anti-depressant prescription medicines.

The notice provision immediately above applies to consultants and/or independent contractors of Competitors to the extent, in the last five (5) years, the consultants or contractors derives 25% of their income, or spends 25% of their time working for a pharmaceutical company that manufactures prescription medicines.

Any Confidential Discovery Materials distributed or disclosed to a person identified in Section 6 who is a signatory to Exhibit "A" or has consented under oath to abide by the Protective Order shall be returned to the party's counsel who provided it to such person or, with the consent of the party producing the Confidential Discovery Materials, destroyed at the completion of the person's consultation or representation in the case. Upon the request of the producing party or the Court, each such person shall execute an affidavit stating that all such documents and copies thereof have been returned or destroyed as required.

7. **Redaction and/or Withholding of Confidential Discovery Material**

The following Confidential Discovery Material, duly designated as such, may be redacted and/or withheld from Documents produced to the extent it is irrelevant:

a. Protected Health Information ("PHI"), including the names and any information that would identify the person using the product, except that any information identifying the plaintiff(s) shall not be redacted or withheld;

b. names and any information contained in adverse reaction reports, product experience reports, consumer complaints and other similar data that would identify any third

party involved with the report, including, but not limited to, a physician or hospital or other institution, except that any information identifying the plaintiff(s) shall not be redacted or withheld;

        c.      information that the producing party contends is not relevant to the claims or defenses in this Litigation, which may include categories of information such as trade secrets; Confidential commercial information; products manufactured by Defendants other than medications manufactured, distributed, and/or sold under the trade name Prozac®; manufacturing methods or processes, including quality control procedures; production, sales, distribution, and similar data and information; and quantitative or semi-quantitative formulas.

        d.      Any redaction or withholding of information made under this Paragraph 7 shall contain the legend "REDACTED," and will be documented on a log produced by the party making the redaction.

        e.      Neither party is, by way of this stipulated protective order, agreeing that any particular information described in or redacted pursuant to Paragraph 7 is necessarily irrelevant. Both parties reserve the right to challenge any and all redaction or withholding, whether made pursuant to this Paragraph 7 or otherwise. If, after reviewing a document containing a redaction made on the grounds of non-relevance, a party has a good faith basis for challenging the redaction, counsel for the parties shall initially attempt to resolve the issue through discussions. If these discussions are unsuccessful, the party contending that redacted information is relevant may move the Court for *in camera* inspection and determination of relevance.

**8. Production of Confidential Discovery Materials by Non-Parties**

Any non-party who is producing Discovery Materials in this Litigation may agree to and obtain the benefits of the terms and protections of this Order by designating as "Confidential" the Discovery Materials that the non-party is producing, as set forth in Section 4.

**9. Inadvertent Disclosures**

a.      The parties agree that the inadvertent disclosure (as defined under Federal Rule of Evidence 502) of any Discovery Materials that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine.  If any such Discovery Materials are inadvertently produced, the recipient of the Discovery Materials agrees that, upon request from the producing party, it will promptly return the Discovery Materials and all copies in its possession, including those shared with its experts, consultants, agents, and other persons identified in Section 6 (f),(g), and (i), delete any versions of the Discovery Materials on any database it maintains, including electronic copies stored on any litigation-support database, e-mails, and servers, make no use of the information contained in the Discovery Materials, destroy any notes or work product reflecting the contents of inadvertently produced Discovery Materials, and provide certification of counsel that all such inadvertently disclosed information has been returned or destroyed; provided, however, that the party returning such Discovery Materials shall have the right to apply to the Court for an order that such Discovery Materials are not protected from disclosure by any privilege.  Until the parties have resolved any dispute concerning the privileged nature of any inadvertently produced Discovery Materials, or the Court has issued an order concerning the disputed materials, no use shall be made of the disputed materials during depositions, in motions, or at trial, nor shall they be

disclosed to any party or individual who was not given access to such materials before discovery of the inadvertent production.

b.     The parties further agree that in the event the producing party or other person inadvertently fails to designate Discovery Materials as confidential, it may make such a designation subsequently by notifying all persons and parties to whom such Discovery Materials were produced, in writing, within thirty (30) days of the producing party's or other third person's discovery of the inadvertent failure to designate.  After receipt of such timely notification, the persons to whom production has been made shall treat the designated Discovery Materials as confidential, subject to their right to dispute such designation in accordance with Section 10. Each receiving party shall further notify every person or organization that received copies of or access to the material identified in the notice that such material contains Confidential Discovery Material.

c.     The inadvertent production of any unredacted Confidential Discovery Materials that would otherwise be subject to redaction under Section 3 shall not be deemed a waiver, in whole or in part, of any party's claim of confidentiality of such information.

**10.     Declassification**

a.     Nothing shall prevent disclosure beyond that limited by this Order if the producing party consents in writing to such disclosure.

b.     If at any time a party (or aggrieved entity permitted by the Court to intervene for such purpose) wishes for any reason to dispute a designation of Discovery Materials as "Confidential" made hereunder, such person shall make reasonable efforts to notify within 90 days of production of the Confidential Discovery Materials specifying by exact Bates number(s) the Confidential Discovery Materials in dispute.  This provision shall not prevent any

party from challenging a confidentiality designation at a later date if reasonable efforts were made to identify and challenge the disputed Discovery Materials. The designating party shall respond in writing within ten (10) business days of receiving this notification. Notification of any such dispute does not in any way suspend the operation of this Order.

        c.      If a party contends that any document has been erroneously or improperly designated or not designated as Confidential Discovery Material or has been erroneously or improperly redacted or not redacted, the document or information at issue should be treated as confidential until either the parties reach a written agreement or this Court issues an order determining that the document is not confidential and shall not be given confidential treatment.

        d.      If the parties are unable to amicably resolve the dispute, the proponent of confidentiality may apply by motion to the Court for a ruling that Discovery Materials stamped as "Confidential" are entitled to such status and protection under Rule 26 of the Federal Rules of Civil Procedure and this Order, provided that such motion is made within thirty (30) days from the date the challenger of the Confidential designation challenges the designation. The designating party shall have the burden of proof on such motion to establish the propriety of its Confidential designation.

        e.      If the time for filing a motion, as provided in Section 10(d), has expired without the filing of any such motion, or ten (10) business days have elapsed after the appeal period for an order of this Court that the Discovery Materials shall not be entitled to confidential status, the Confidential Discovery Materials shall lose their designation.

        **11.**      **Confidential Discovery Materials in Depositions**

        a.      Protected documents may be used or marked as exhibits in depositions but shall remain subject to this Order. Confidential Discovery Materials shown to any witness

during a deposition shall not lose their confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect their confidentiality during such use.

b.      If a party wishes to show Confidential Discovery Materials to such a deponent or witness before or during a deposition, the deponent must be informed of this Protective Order and either sign a copy of the Endorsement attached hereto as Exhibit "A" or consent under oath to abide by its provisions.  The parties agree that this provision does not preclude the producing party from objecting to or moving to preclude disclosure to any deponent or witness, or to seek amendment of this provision in the future, if it believes it has a good faith basis for such objection or motion.  Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential information not provided by them or the entities they represent unless they sign the form described, and otherwise comply with the provisions in Section 6. While a deponent is being examined about any Confidential Discovery Materials or the confidential information contained therein, persons to whom disclosure is not authorized under this Order shall be excluded from being present.

c.      Parties (and deponents) may, within thirty (30) days after receiving the final transcript of a deposition, designate pages of the transcript (and exhibits thereto) as Confidential.  Until expiration of such thirty (30) day period, the entire transcript, including exhibits, will be treated as subject to protection under this Order.  Subject to the procedures outlined in Section 10(b), if no party or deponent timely designates a transcript as confidential, then none of the transcript or its exhibits will be treated as confidential.  If a designation is made, all such testimony, each deposition transcript, recording, or portion thereof, and each exhibit that

is so designated, shall be treated as Confidential Discovery Material unless otherwise agreed to by the parties or directed by order of the Court.

12. **Confidential Discovery Materials Offered as Evidence at Trial**

Confidential Discovery Materials and the information therein may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives at least five (5) days' notice to counsel for the party or other person that designated the Discovery Materials or information as confidential in accordance with the Federal Rules of Evidence and any local rules, standing orders, or rulings in this Litigation governing identification and use of exhibits at trial. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection, if any, may be afforded to such Discovery Materials or information at trial.

13. **Filing Confidential Discovery Materials With The Court**

Confidential Discovery Materials shall not be filed with the Clerk except when required in connection with matters pending before the Court. If filed, they shall be filed in a sealed envelope, clearly marked:

**"THIS ENVELOPE CONTAINS DOCUMENTS MARKED AS CONFIDENTIAL THAT ARE THEREFORE COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT OTHER THAN TO THE COURT, COURT PERSONNEL AND COUNSEL OF RECORD"**

and shall remain sealed while in the office of the Clerk for so long as they retain their status as Confidential Discovery Materials. In the event a challenge is made to the sealing of the documents by a third-party or the Court, it shall be the burden of the party who has made the

"Confidential" designation (not the party who filed the documents under seal, if a different party) to defend that designation. Nothing herein shall supersede or interfere with the parties' right to designate documents under Section 10 of this Order.

Said Confidential Discovery Materials shall be kept under seal until further order of the Court; however, said Confidential Discovery Materials and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order.

## 14.    <u>Client Consultation</u>

Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this Litigation and, in the course thereof, relying on examination of Confidential Discovery Materials; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of Section 6.

## 15.    <u>Subpoena by other Courts or Agencies</u>

If another court or an administrative agency subpoenas or otherwise orders production of Confidential Discovery Materials which a person has obtained under the terms of this Order, the person to whom the subpoena or other process is directed shall promptly notify counsel for the designating party in writing via fax and overnight delivery, provide a copy of the subpoena, and provide all of the following:  (1) the Discovery Materials that are requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation,

administrative proceeding or other proceeding in which the subpoena or other process has been issued. In no event shall Confidential Discovery Materials be produced prior to the expiration of five (5) business days following confirmation of receipt of written notice by the designating party. The person receiving the subpoena or other process shall cooperate with the producing party in any proceeding related thereto. The subpoenaed party will not oppose the producing party's effort to intervene in the proceeding, quash the subpoena, or take other reasonable action to seek appropriate relief, with the cost of such opposition to the subpoena to be borne by the producing party unless otherwise agreed to by the parties.

Additionally, the person subpoenaed must inform the subpoena's issuer of this Order and provide the subpoena's issuer with a copy of this Order. Furthermore, with respect to any subpoena, the designating party has the burden and the expense of seeking the protection in the applicable court. No party will object to the designating party having a reasonable opportunity to appear in any litigation or proceeding commanding disclosure of such protected material for the sole purpose of seeking to prevent or restrict disclosure thereof.

16. **Non-termination**

The provisions of this Order shall not terminate at the conclusion of this Litigation. Within ninety (90) days after final conclusion of all aspects of this Litigation (including without limitation any appeals and after the time for filing all appellate proceedings has passed), each party shall return all Confidential Discovery Materials to counsel for the party that produced it, shall destroy it, or otherwise comply with an applicable order of the Court. The return or destruction of the Confidential Discovery Materials under this paragraph shall include, without limitation, all copies, and duplicates thereof. If counsel elects to destroy Confidential Discovery Materials, they shall consult with counsel for the producing party on the manner of

destruction and obtain such party's consent to the method and means of destruction. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the Confidential Discovery Materials not more than one hundred twenty (120) days after final termination of this Litigation. Counsel of record, however, shall not be required to return or destroy any pretrial or trial records as are regularly maintained by that counsel in the ordinary course of business, which includes: (i) one full set of copies of all pleadings, affidavits, declarations, briefs, memoranda, expert reports, exhibits and other papers filed with the Court and that contain Confidential Discovery Materials; (ii) their work-product; and (iii) one set of transcripts of all testimony taken at any depositions, hearings or trial (with exhibits). Any such materials that are not returned or destroyed shall remain subject to this Order, and the Court shall retain jurisdiction to ensure that the terms hereof are not violated.

## 17. **Modification Permitted**

Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

## 18. **Responsibility of Attorneys; Copies**

The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control and record duplication of, access to, and distribution of Confidential Discovery Materials, including abstracts and summaries thereof.

No duplications of Confidential Discovery Materials shall be made except for providing working copies and for filing in Court under seal; provided, however, that copies may be made only by those persons specified in Sections (a), (b) and (c) of Section 6 above. Any copy provided to a person listed in Section 6 shall be returned to counsel of record upon

completion of the purpose for which such copy was provided. In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order and new counsel shall sign this Order.

### 19. **No Waiver of Rights or Implication of Discoverability**

a. No disclosure pursuant to any provision of this Order shall waive any rights or privileges of any party granted by this Order.

b. This Order shall not enlarge or affect the proper scope of discovery in this or any other litigation; nor shall this order imply that Confidential Discovery Materials are properly discoverable, relevant, or admissible in this or any other litigation. Each party reserves the right to object to any disclosure of information or production of any documents that the producing party designates as Confidential Discovery Materials on any other ground it may deem appropriate.

c. The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party, to assert or apply for additional or different protection. Nothing in this Order shall prevent any party from seeking an appropriate protective order to further govern the use of Confidential Discovery Materials at trial.

20. **Improper Disclosure of Confidential Discovery Materials**

      Disclosure of Confidential Discovery Materials other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

Dated: July 2, 2013

*/s Paul J. Osowski*
Paul J. Osowski (NC State Bar ID # 23423)
**Nelson Mullins Riley & Scarborough LLP**
Bank of America Corporate Center, 42nd Floor
100 North Tryon Street
Charlotte, North Carolina 28202
Tel: (704) 417-3114
paul.osowski@nelsonmullins.com

Nina M. Gussack (admitted *pro hac vice*)
Andrew E. Kantra (admitted *pro hac vice*)
Eric Rothschild (admitted *pro hac vice*)
Nicole J. Aiken (admitted *pro hac vice*)
**Pepper Hamilton LLP**
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, Pennsylvania 19103
Tel: (215) 981-4000

*Attorneys for Defendant,*
*Eli Lilly and Company*

Dated: July 2, 2013

*/s Christopher Schnieders*

Thomas P. Cartmell
Christopher Schnieders
**WAGSTAFF & CARTMELL, LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: (816) 701-1100
cschnieders@wcllp.com

Rebecca C. Blount
**The Blount Law Firm, P.C.**
704 Cromwell Drive, Suite C
Greenville, NC 27858
Tel: (252) 752-6000

Joseph J. Zonies
Gregory D. Bentley
Mark Premo-Hopkins
**REILLY POZNER, LLP**
1900 Sixteenth Street, Suite 1700
Denver, CO 80202
Tel: (303) 893-6100

*Attorneys for Plaintiff, Angela Shoemake*

Signed: July 2, 2013

David C. Keesler
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system on this the 2nd day of July 2013, with notification to the following:

Rebecca C. Blount
The Blount Law Firm, P.C.
704 Cromwell Drive, Suite C
Greenville, NC 27858
252-752-6000
252-752-2174 Fax

Thomas P. Cartmell
Christopher L. Schnieders
WAGSTAFF & CARTMELL, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100
816-531-2372 Fax

Joseph J. Zonies
Gregory D. Bentley
REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, CO 80202
303-893-6100

By:     s/ Paul J. Osowski
        Paul J. Osowski
        N.C. State Bar No. 23423
        NELSON MULLINS RILEY
        & SCARBOROUGH, L.L.P.
        Bank of America Corporate Center
        100 North Tryon Street, Suite 4200
        Charlotte, North Carolina  28202
        Telephone:  (704) 417-3114
        Facsimile:  (704) 377-4814
        paul.osowski@nelsonmullins.com

        *Attorneys for Defendant Eli Lilly and Company*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO.  5:13-CV-013-RLV-DCK**

ANGELA SHOEMAKE, Individually  :
and as Parent and Natural Guardian of :
Minor Child, J.S.       :
           :
     Plaintiff,   :
           : Case No. 5:13-cv-00013-RLV-DCK
   v.        :
           :
ELI LILLY AND COMPANY   :
           :
     Defendant.

## ENDORSEMENT OF PROTECTIVE ORDER

   I hereby attest to my understanding that information or documents designated Confidential are provided to me subject to the Protective Order dated _____, 2013 (the "Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms.  I also understand that my execution of this Endorsement of Protective Order, indicating my agreement to be bound by the Order, is a prerequisite to my receipt or review of any information or documents designated as Confidential ("Confidential Discovery Materials") pursuant to the Order.

   I further agree that I shall not disclose or distribute to others, except in accord with the Order, any Confidential Discovery Materials, in any form whatsoever, and that such Confidential Discovery Materials and the information contained therein may be used only for the purposes authorized by the Order.

   I further agree to return all copies of any Confidential Discovery Materials I have received to counsel who provided them to me upon completion of the purpose for which they

were provided, and to do so no later than within thirty (30) days of the conclusion of this Litigation.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such discovery material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the Middle District of Alabama for the purposes of any proceedings relating to enforcement of the Order.

I further agree and attest to my understanding that I am not permitted to make any changes, amendments or edits to the terms of this Endorsement without the written approval of counsel for all parties to the above-captioned matter, and that any such changes, amendments or edits made without the approval of counsel for all parties shall have no effect.

I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Agreement, regardless of whether the Order has been entered by the Court.


Date: _____

By: _____

#19370905 v1