# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL ACTION NO.  5:13-CV-013-RLV-DCK

| | | |
|---|---|---|
| ANGELA SHOEMAKE, Individually, and as Natural Parent and Guardian of Minor Child, J.S., | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **ORDER** |
| ELI LILLY AND COMPANY, | ) ) | |
| **Defendant.** | ) ) ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Eli Lilly And Company's Motion To Compel" (Document No. 34).  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition.  Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

Angela Shoemake ("Shoemake" or "Plaintiff"), individually, and as parent and guardian of minor child, J.S., filed this action on January 23, 2013.  (Document No. 1).  Plaintiff contends that J.S. developed a cardiac anomaly as a result of Shoemake's ingestion of Defendant Eli Lilly and Company's ("Defendant") prescription anti-depressant Prozac during her pregnancy with J.S.  See (Document Nos. 1, 10, 34).  Plaintiff's "Amended Complaint At Law" (Document No. 10) was filed on February 14, 2013, and asserts fourteen (14) causes of action against Defendant based on injuries allegedly suffered by Plaintiff and J.S. as a result of Shoemake's ingestion of

Prozac.  The "Answer Of Defendant Eli Lilly And Company To Plaintiff's Amended Complaint" (Document No. 13) was filed on March 18, 2013.

On May 7, 2013, the Court entered a "Pretrial Order And Case Management Plan" (Document No. 24).  On July 2, 2013, the parties' "Joint Motion For Protective Order" (Document No. 27) was granted, and the "Joint Protective Order" (Document No. 29) was docketed.  See (Document No. 28).

"Defendant Eli Lilly And Company's Motion To Compel" (Document No. 34) was filed on January 3, 2014.  By its motion, Defendant seeks an order from the Court compelling Plaintiff to identify Shoemake's "mental health providers, and provide authorizations for the release of their records."  (Document No. 34, p.2).  "Plaintiff's Response In Opposition…" (Document No. 37) was filed on January 21, 2014.  "Defendant Eli Lilly And Company's Reply…" (Document No. 38) was then filed on January 31, 2014.  The pending motion is fully briefed and ripe for review and disposition.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).  The rules of discovery are to be accorded broad and liberal construction.

See Herbert v. Lando, 441 U.S. 153, 177 (1979);  and Hickman v. Taylor, 329 U.S. 495, 507

(1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

**DISCUSSION**

Defendant contends that the "Amended Complaint" includes allegations which directly place Plaintiff's mental health and need for medication before, during, and after her pregnancy with J.S. at issue in this case. (Document No. 34, p.1). Defendant asserts that it has sought the identity of Plaintiff's health care providers and authorization for access to their records since the beginning of discovery in May 2013, but access to this information has been blocked by Plaintiff. Id. Defendant notes that Plaintiff has offered to provide authorizations for mental health providers, *if* Defendant agrees to a process allowing Plaintiff to review and redact the records before Defendant reviews them. (Document No. 35, p.2). According to Defendant, Plaintiff's proposal is unwarranted because the Court's Protective Order is sufficient to protect Plaintiff's confidentiality and there is no applicable privilege. Id.

In response, Plaintiff opposes "unfettered access" to Shoemake's mental health records and argues that its offer of "a reasonable compromise" should be adopted by the Court. (Document No. 37, p.1). Plaintiff acknowledges "the need for some discovery of these records," but asserts that Defendant's current request is inappropriate. (Document No. 37, p.4).

3

As noted above, Plaintiff suggests that it should be allowed to review and redact any mental health records, and further asserts that they should be limited to "records dating from one year prior to the pregnancy at issue through the present day." (Document No. 37, p.4). Plaintiff argues that the proposed 10-day waiting period for Plaintiff to review and redact is reasonable and does not prejudice Defendant. (Document No. 37, p.5). Plaintiff appears to contend that the mental health records that Defendant seeks likely contain information that is not relevant to the issues in this case; however, Plaintiff offers little support for this position. Id.

Although the Court appreciates Plaintiff's attempt to reach a compromise, in this instance it appears that the effort has been too little, too late. Discovery began in May 2013, and was recently extended an extra six (6) weeks, until June 15, 2014, following the parties' "Joint Motion To Extend Deadlines" (Document No. 32). See (Document No. 36). The undersigned is persuaded that the discovery Defendant seeks is relevant; and that Plaintiff has failed to show that the requested discovery subjects her to "annoyance, embarrassment, oppression or undue burden or expense." See Fed.R.Civ.P. 26(c)(1). Moreover, there is a Protective Order in place that was agreed upon by the parties. (Document Nos. 28, 29). The undersigned finds that Plaintiff's proposed compromise is likely to further delay the discovery process by creating additional disputes and motions practice regarding the relevance of the same discovery Defendant seeks to compel by the instant motion.

The parties' briefs have provided minimal discussion of legal authority relevant to this pending dispute. The undersigned, however, is convinced that under similar circumstances this Court, and the Fourth Circuit, have generally required mental health records to be produced.

> Plaintiff's medical, psychological and counseling records are both relevant and discoverable. **A party claiming compensatory damages for emotional distress, pain and suffering, and mental anguish puts her mental and physical condition at issue and**

> **must produce requested medical records**.  See, e.g., <u>Coffin v.</u>
> <u>Bridges</u>, 1995 WL 729489, *3 (4th Cir.) (affirming dismissal of
> complaint for injuries and mental anguish because plaintiff refused
> to provide mental health care records); <u>E.E.O. C. v. Sheffield</u>
> <u>Financial LLC</u>, 2007 WL 1726560, *4 (M.D.N.C.) ("when a
> plaintiff seeks damages for mental anguish, the medical and
> psychological information sought by interrogatories and requests
> for production are relevant"); <u>Teague v. Target Corp.</u>, 2006 WL
> 3690642, *2 (W.D.N.C.) (compelling discovery of medical records
> in employment case where plaintiff alleged intentional infliction of
> emotional distress); <u>Butler v. Burroughs Welcome, Inc.</u>, 920
> F.Supp. 90, 91 (E.D.N.C. 1996) (granting motion to compel in
> employment case where plaintiff resisted disclosing her medical
> records and refused to supply defendant with signed authorizations
> and release forms).

<u>Jimoh v. Charlotte-Mecklenburg Housing Partnership, Inc.</u>, 3:08-CV-495-RJC-DCK, 2009 WL

4062881, at *1 (W.D.N.C. Nov. 20, 2009) (emphasis added);  <u>see also</u>, <u>Pressley v. Caromount</u>

<u>Health, Inc.</u>, 3:09-CV-460-FDW-DSC, 2010 WL 780053, at *3 (W.D.N.C. March 2, 2010)

("Plaintiff has placed her emotional and mental state at issue in this matter.  Accordingly,

Defendants are entitled to discovery of Plaintiff's medical information and records.").

In this case, it is undisputed that Plaintiff's mental health is at issue.  Plaintiff's

"Amended Complaint" asserts that she "suffered severe and permanent physical and emotional

injuries," "mental anguish," and that she "was and is suffering injury in the form of serious,

severe, extreme and/or disabling emotional distress that no reasonable person could or should be

expected to endure."  (Document No. 10).  In addition, the "Amended Complaint" asserts that

Plaintiff began taking Prozac for depression in or before January 2000, and that she took Prozac

throughout her pregnancy with J.S. in 2004-2005.  (Document No. 10, p.4).  In "Plaintiff's

Second Supplemental Objections And Answers To First Interrogatories Propounded On Plaintiff

By Defendant Eli Lilly And Company," she states that she "believes that she has taken Prozac

continuously since 1995."  (Document No. 35-7, p.5).

Based on the foregoing, the undersigned is persuaded that Plaintiff's mental health prior to, during, and since her pregnancy with J.S., and the related records, are clearly relevant to this case. Therefore, Plaintiff is directed to provide Defendant with a complete list of her mental health providers from January 1, 1995 to the present, and to authorize the release of their records to Defendant, on or before **February 28, 2014**. Defendant shall treat this information, and the subsequent records it receives, as "Confidential." <u>See</u> (Document No. 29).

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that "Defendant Eli Lilly And Company's Motion To Compel" (Document No. 34) is **GRANTED,** as more fully described herein

Signed: February 20, 2014

David C. Keesler
United States Magistrate Judge