# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:13-CV-013-RLV-DCK

| | |
|---|---|
| ANGELA SHOEMAKE, Individually, and as Natural Parent and Guardian of Minor Child, J.S., )<br><br>Plaintiff, )<br><br>v. )<br><br>ELI LILLY AND COMPANY, )<br><br>Defendant. ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Rule On 3rd Party Motion To Quash Subpoena And Motion For Protective Order" (Document No. 50). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion.

## BACKGROUND

Angela Shoemake ("Shoemake" or "Plaintiff"), individually, and as parent and guardian of minor child, J.S., filed this action on January 23, 2013. (Document No. 1). Plaintiff contends that J.S. developed a cardiac anomaly as a result of Shoemake's ingestion of Defendant Eli Lilly and Company's ("Defendant") prescription anti-depressant Prozac during her pregnancy with J.S. See (Document Nos. 1, 10, 34). Plaintiff's "Amended Complaint At Law" (Document No. 10) was filed on February 14, 2013, and asserts fourteen (14) causes of action against Defendant based on injuries allegedly suffered by Plaintiff and J.S. as a result of Shoemake's ingestion of

Prozac. The "Answer Of Defendant Eli Lilly And Company To Plaintiff's Amended Complaint" (Document No. 13) was filed on March 18, 2013.

On May 7, 2013, the Court entered a "Pretrial Order And Case Management Plan" (Document No. 24). The "…Case Management Plan" was most recently amended on August 21, 2014, setting the following deadlines: discovery completion – January 16, 2015; ADR report – January 27, 2015; motions – February 6, 2015; and trial – May 4, 2015. (Document No. 47).

"Plaintiff's Motion To Rule On 3rd Party Motion To Quash Subpoena And Motion For Protective Order" (Document No. 50) was filed on November 7, 2014. Apparently, Plaintiff is seeking a ruling by this Court on "Patrizia Cavazzoni's Notice Of Motion To Quash Subpoena And Motion For Protective Order" (Document No. 50-3) and "Patrizia Cavazzoni's Memorandum Of Law In Support…" (Document No. 50-4), filed in the United States District Court for the Southern District Of New York, on June 26, 2014. "Plaintiff's Motion To Rule…" fails to indicate that the requirement of consultation was satisfied pursuant to Local Rule 7.1 (B).

"Patrizia Cavazzoni's Opposition To Plaintiff's Motion…" (Document No. 51) was filed on November 21, 2014. Non-party Patrizia Cavazzoni, M.D. ("Cavazzoni") asserts that "Plaintiff's Motion…" (Document No. 50) is not properly before this Court under Fed.R.Civ.P. 45. "Plaintiff's Reply…" was filed on November 28, 2014, and suggests that this matter was properly transferred pursuant to Fed.R.Civ.P. 45(f).

The pending motion was referred to the undersigned on January 6, 2015, and is fully briefed and ripe for review and disposition.

**DISCUSSION**

There is no dispute that Plaintiff served an amended subpoena on Cavazzoni on or about June 20, 2014, commanding her to appear for a deposition on June 27, 2014, in the Southern

District of New York.  See (Document No. 50, Document No. 51, p.2, and Document No. 50-6). Moreover, there is no dispute that Cavazzoni properly moved to quash the subpoena and for a protective order in the Southern District of New York pursuant to Fed.R.Civ.P. 45.  See Document Nos. 50-3 and 50-4).  Rule 45 specifically provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena…." Fed.R.Civ.P. 45(d)(3)(A).

Following briefing for and against "Patrizia Cavazzoni's Notice Of Motion To Quash Subpoena And Motion For Protective Order" (Document No. 50-3), and after a hearing date of July 29, 2014 was set to consider the motion, the Honorable George B. Daniels issued an Order on July 26, 2014 that stated in full:

> The Part I hearing scheduled for July 29, 2014 regarding non-party Dr. Patricia Cavazzoni's Motion to Quash Subpoena and Motion for Protective Order is cancelled.  **Dr. Cavazzoni need not comply** with the subpoena **unless the presiding judge in the** underlying action pending in the United States District Court of the **Western District of North Carolina**, Civil Action No. 5:13-cv-00013 **approves**.

(Document No. 50-1, p.2) (emphasis added).

Plaintiff's pending motion, filed **more than three (3) months later**, concludes that Judge Daniels' "Order" (Document No. 50-1) "shows the S.D.N.Y.'s finding of 'exceptional circumstances' and intent to transfer the matter of Cavazzoni's subpoena to this court for determination pursuant to F.R.C.P. 45(f) and that jurisdiction is proper in this Court." (Document No. 50, p.3).  Later, Plaintiff asserts that the S.D.N.Y "issued an Order transferring the merits of the matter to this Court." (Document No. 54, p.3).

Rule 45 provides in pertinent part that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the

3

person subject to the subpoena consents or if the court finds exceptional circumstances. Fed.R.Civ.P. 45(f). Contrary to Plaintiff's argument, there is no indication in Judge Daniels' Order that he found "exceptional circumstances," intended to transfer the pending motion, or even considered Rule 45(f). (Document No. 50-1, p.2). As shown above, Judge Daniels' Order does not mention: (1) any finding regarding the circumstances, (2) transfer, (3) Rule 45, or (4) jurisdiction. Rather, it appears that Judge Daniels cancelled the hearing on the motion to quash after concluding that "Cavazzoni need not comply with the subpoena." It is unclear what Judge Daniels intended with the language "unless the presiding judge . . . approves," but neither his Order, nor the docket in the S.D.N.Y. or the docket in this Court, show that anything was transferred. See (Document Nos. 50-1 and 50-2).

To date, neither party has sought clarification or re-consideration regarding Judge Daniels' "Order" (Document No. 50-1). In fact, this situation only came to this Court's attention more than three months later when Plaintiff filed the pending motion. (Document No. 50).

Under the circumstances, the undersigned is not persuaded that this Court has jurisdiction to rule on "Patrizia Cavazzoni's Notice Of Motion To Quash Subpoena And Motion For Protective Order" (Document No. 50-3) filed in the Southern District of New York, regarding a deposition to be held in New York. Although the undersigned regrets any subsequent inefficiency, or additional burden on the S.D.N.Y., it appears that clarification of that Court's ruling may be necessary.

In the alternative, and what the undersigned strongly encourages, is that the parties reach an agreement as to Dr. Cavazzoni's deposition without further court intervention and delay. Apparently, for a considerable period of time the parties had agreed that Dr. Cavazzoni would participate in a deposition of up to three (3) hours. Rather than spend more energy and resources

litigating this discovery dispute, the parties are respectfully encouraged to agree on a deposition of at least three (3) hours (if necessary), but less than seven (7) hours.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Rule On 3rd Party Motion To Quash Subpoena And Motion For Protective Order" (Document No. 50) is **DENIED**. Plaintiff may renew its request if it can establish that: (1) the issue of "Patrizia Cavazzoni's Notice Of Motion To Quash Subpoena And Motion For Protective Order" (Document No. 50-3) has been transferred to this Court by the Southern District of New York pursuant to Fed.R.Civ.P. 45(f); and (2) that the parties have conferred in good faith and been unable to resolve their dispute over the length of the deposition.

Signed: January 12, 2015

David C. Keesler
United States Magistrate Judge