# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:13-CV-013-RLV-DCK

| | |
|---|---|
| ANGELA SHOEMAKE, Individually, and as Natural Parent and Guardian of Minor Child, J.S., <br><br> Plaintiff, <br><br> v. <br><br> ELI LILLY AND COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) **ORDER** ) ) ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Eli Lilly And Company's Motion To Compel" (Document No. 72). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion.

## BACKGROUND

Angela Shoemake ("Shoemake" or "Plaintiff"), individually, and as parent and guardian of minor child, J.S., filed this action on January 23, 2013. (Document No. 1). Plaintiff contends that J.S. developed a cardiac anomaly as a result of Shoemake's ingestion of Defendant Eli Lilly and Company's ("Defendant") prescription anti-depressant Prozac during her pregnancy with J.S. <u>See</u> (Document Nos. 1, 10, 34). Plaintiff's "Amended Complaint At Law" (Document No. 10) was filed on February 14, 2013, and asserts fourteen (14) causes of action against Defendant based on injuries allegedly suffered by Plaintiff and J.S. as a result of Shoemake's ingestion of Prozac. The "Answer Of Defendant Eli Lilly And Company To Plaintiff's Amended Complaint" (Document No. 13) was filed on March 18, 2013.

On May 7, 2013, the Court entered a "Pretrial Order And Case Management Plan" (Document No. 24). On February 4, 2015, the Court revised case deadlines as follows: discovery completion – April 14, 2015; ADR report – April 24, 2015; motions deadline – May 4, 2015; and trial – September 7, 2015. (Document No. 64). The parties were to have completed mediation with Bruce P. Merenstein, Esq. on April 9, 2015. (Document No. 67).

"Defendant Eli Lilly And Company's Motion To Compel" (Document Nos. 72 and 73) was filed on March 19, 2015. The pending motion seeks "to compel Plaintiffs to produce *any* drafts of Thomas W. Sadler, Ph.D.'s manuscript recently submitted to a scientific journal that are in his possession, the peer review comments received to date, and the resubmitted manuscript prepared following consideration of those comments." (Document No. 72, p.1) (emphasis added). "Plaintiff's Opposition To Defendant Eli Lilly And Company's Motion To Compel" (Document No. 78) was filed on April 6, 2015. On April 16, 2015, Defendant's reply brief was filed. (Document Nos. 79 and 80).

The pending motion is now fully briefed and ripe for review and disposition.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507

(1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

## DISCUSSION

Thomas W. Sadler, Ph.D. ("Dr. Sadler") is Plaintiff's "proffered expert" in this matter. (Document No. 72-1, p.1). Defendant contends that pursuant to Fed.R.Civ.P. 26(a)(2)(B), it is entitled to discovery of a particular manuscript (including any drafts and peer review comments) Dr. Sadler allegedly "generated and considered [] while formulating his opinions for this litigation." (Document No. 72, p.1). Defendant asserts that "the manuscript directly relates to the substance of Dr. Sadler's opinion about whether Prozac causes heart birth defects." (Document No. 72, p.2). Defendant also contends that "[d]raft manuscripts are as relevant as the final published version of a manuscript." Id.

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure states:

> **(B)** *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> > **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;

3

> **(ii) the facts or data considered by the witness in forming them**;
>
> **(iii)** any exhibits that will be used to summarize or support them;
>
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

Fed.R.Civ.P. 26(a)(2)(B) (emphasis added).

Defendant contends in its memorandum that the "definition of 'considered' is broad, encompassing material that the expert took into account, rather than just material he relied upon." (Document No. 72-1, pp.3-4) (citing Carroll Co. v. Sherwin-Williams Co., 2012 WL 4841667, at *3 (D.Md. Oct. 10, 2012). Defendant further contends that an "expert's assertion that he did not consider a certain document does not decide the question of whether he actually considered it." Id. (citing In re Commer. Money Ctr., Inc., 248 F.R.D. 532, 537 (N.D.Ohio 2008)). Defendant later acknowledges that the Carroll decision did *not* require the production of "draft expert reports." Id. (citing Carroll, 2012 WL 4841667, at *5.

"Plaintiff's Opposition…" asserts that Dr. Sadler never considered the draft, unpublished article Defendant seeks, and that he does not possess the confidential peer review comments related to that article or a copy of the article submitted for peer review. (Document No. 78, pp.1-2). Moreover, Plaintiff contends that Dr. Sadler "was not in charge of writing the article" Defendant seeks, which includes "a number of authors," and is "a review article containing no new experiments." (Document No. 78, p.2) (citing Document No. 78-2, pp.237-239).

4

Plaintiff also notes that Defendant's own expert, Dr. Jonathan Epstein ("Dr. Epstein"), testified that in-process scientific works are irrelevant to the scientific considerations of the Court. (Document No. 78, p.2). Plaintiff further notes that although Dr. Epstein "testified to a number of in-process, but as yet unpublished, articles being written by him and his laboratory associates about cardiac birth defects," neither he, nor Defendant's counsel, brought any of these documents to his deposition. (Document No. 78, pp.2-3) (citing Document No. 78-3). When asked about some of his work in progress, Dr. Epstein testified that "I don't talk about our unpublished studies." (Document No. 78, p.3) (quoting Document No. 78-3).

In response to Defendant's cited authority, Plaintiff contends that Defendant did "not cite a single case in which a court required an expert to disclose a draft, unpublished manuscript the expert did not consider in formulating his opinions." (Document No. 78, pp.3-4). Plaintiff notes, however, that the U.S. District Court for the Middle District of Alabama very recently addressed the precise issue before this Court, and denied Defendant Lilly's motion to compel the same co-authored, unpublished manuscript sought here. (Document No. 78, p.1) (citing Document No. 78-1 (Dana Fields v. Eli Lilly And Company, 2:13-CV-035-WKW (M.D.Ala. March 26, 2015)). In that decision, Chief U.S. District Judge Keith Watkins held that the chilling effect on the scientific and academic community of compelling disclosure of an unpublished manuscript and peer-review comments outweighed any benefit to defense counsel in obtaining the manuscript or comments for the purposes of litigation. (Document No. 78-1) (citing In re Yasmin & Yaz, 2011 WL 5547133 (S.D.Ill. Nov. 15, 2011)).

In reply, Defendant argues that Chief Judge Watkins' reliance on the Yaz decision was misplaced, because in that case the plaintiffs voluntarily agreed to provide a draft manuscript, and the case focused on peer review comments to that manuscript. (Document No. 80, p.20. Although

5

the undersigned agrees that Yaz did not deal with all the same issues currently before this Court, it is nevertheless instructive.  Here, as in Yaz, a defendant seeks peer review comments on a plaintiff's expert's manuscript.  In re Yasmin & Yaz, 2011 WL 5547133, at *1.  The Yaz court refused to compel production of the peer review comments, even of published papers.  Id. at *2.

In short, the undersigned finds the Yaz and Fields decisions more persuasive than any cases cited by Defendant.  The undersigned would need much more to reach a decision contrary to Chief Judge Watkins' well-reasoned decision on these very same issues just a few weeks ago.  See (Document No. 78-1).  Moreover, Plaintiff asserts that Dr. Sadler does not even possess the materials Defendant seeks.  (Document No. 78, p.2).

Based on the foregoing, the Court in its discretion will decline to compel the production of drafts of a co-authored, unpublished manuscript or the peer review comments to such drafts.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant Eli Lilly And Company's Motion To Compel" (Document No. 72) is **DENIED**.

Signed: April 29, 2015

David C. Keesler
United States Magistrate Judge